UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| ROGER P. CARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:05-CV-469 |
| | ) | (JARVIS/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of plaintiff's motion for summary judgment [Doc. 12] and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff Roger P. Cardin seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3. The claimant's congestive heart failure, asthma,

and depression are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: stand/walk/sit 4 hours each and total during an 8-hour workday with normal breaks; lift/carry 25 pounds on a frequent basis and 50 pounds on an occasional basis. He can frequently climb, balance, stoop, kneel, crouch, and crawl. The claimant has mild pain with mild loss of concentration. Due to mental difficulties, the claimant has moderate restriction in his daily activities; moderate limitation in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and he experiences no episodes of decompensation. These residual functional capacity limitations are commensurate with a modified range of medium work.

7. The claimant's past relevant work as mail sorter for the post office, production technician, and car cleaner for car dealership did not require the performance of work-related activities precluded by his residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant's medically determinable congestive heart failure, asthma, and depression do not prevent the claimant from performing his past relevant work.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the

2

> date of the decision (20 C.F.R. §§ 404.1520(f) and
> 416.920(f)).

(Tr. 23-24).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004); Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

On appeal, plaintiff's sole argument centers around whether the ALJ erred in not deferring to the opinion of his treating psychiatrist Dr. Smith. Plaintiff points out that Dr. Smith, who treated him for one year, opined in September 2003 that he was unfit for employment or training for employment and that he would be unable to work or participate in training for one year in light of his depression and anxiety and that his physical problems have exacerbated his psychological problems. (Tr. 455-56). Moreover, plaintiff insists that the ALJ rejected his Global Assessment of Functioning ("GAF") score of 50 (Tr. 22) and contends that the ALJ gave controlling weight to the opinion of a state agency, reviewing physician who had never examined him and who gave his opinion before all of Dr. Smith's records and opinions had been received (Tr. 403-24) and before plaintiff's treatment records from Dr. Kiefer, Dr. Siddiqui, and Dr. Sommerville had been received. Furthermore, plaintiff contends that the evidence submitted to the Appeals Council indicates his worsening mental state and that by

3

March 29, 2004, approximately one month before the oral hearing[1], plaintiff's diagnosis was changed from panic disorder without agoraphobia to panic disorder with agoraphobia. (Tr. 545-48). Lastly, plaintiff insists that had the ALJ given the proper weight to Dr. Smith's opinions, plaintiff would be found disabled because the vocational expert ("VE") testified that based on Dr. Smith's records and a GAF score of 50, plaintiff would be precluded from the jobs cited by the VE. (Tr. 563).

   The Commissioner insists, however, that the ALJ reasonably rejected Dr. Smith's opinion. She contends that the ALJ has the responsibility to weigh the record evidence and to resolve any conflicts therein and that because the ultimate issues of disability and residual functional capacity ("RFC") are reserved for the Commissioner, the ALJ did not have to assign any weight to the opinion of Dr. Smith. Further, the Commissioner maintains that the ALJ rejected Dr. Smith's opinion because it was not supported by or consistent with the objective medical evidence in the record. (Tr. 22). Specifically, she notes that Dr. Smith cited as support of his opinion of work-related mental limitations only plaintiff's diagnoses of depression and panic disorder, his prescription medications, and his struggle with depression and anxiety (Tr. 455), but no objective findings. Moreover, the Commissioner insists that Dr. Smith's own treatment notes fail to support his opinion of disability: at intake the social worker for Dr. Smith indicated that although plaintiff's mood was depressed, he was calm and cooperative with an appropriate affect, intact thought processes, and no hallucinations or delusions (Tr. 462); that Dr. Smith noted that medication "appears to be helping [plaintiff's] mood considerably" and that his anxiety was somewhat decreased (Tr. 457); and that Dr. Smith observed that plaintiff appeared

---

[1]The administrative hearing was held on April 20, 2004. (Tr. 549-64).

4

rather anxious at times but was alert and pleasant with a euthymic mood. (Tr. 529). With respect to plaintiff's argument concerning Dr. Smith's medical records submitted to the Appeals Council, the Commissioner maintains that evidence not before the ALJ cannot be considered for substantial evidence review and maintains that plaintiff has waived any argument for a sentence six remand.

The Commissioner also points out that Dr. Siddiqui in October 2002 reported that plaintiff denied insomnia, anxiety, and mood changes and concluded that plaintiff had no underlying mental disorder that significantly interfered with his functioning and that he had not referred plaintiff for any mental health treatment. (Tr. 390, 392). In addition, state agency, reviewing psychologist Dr. Sachs reviewed the record in February 2003 and concluded that plaintiff's mental impairments were not disabling, noting that plaintiff could perform simple and some detailed tasks during a workweek, could interact infrequently or 1-1 with the general public, meet basic social demands in a work setting, and adapt to gradual or infrequent workplace changes. (Tr. 22, 425-41).

Moreover, the Commissioner points out that the ALJ found that plaintiff's daily activities were also inconsistent with his claims of disabling limitations: he cooked, vacuumed, did laundry, attended church regularly, drove short distances, did small jobs around the house, went with his parents to the grocery store, shopped and sent his children off to school in the morning.

Lastly, the Commissioner insists that the VE's testimony that an individual of plaintiff's age, education, work experience, and RFC could perform plaintiff's past work as a mail sorter, car cleaner, and production technician provides substantial evidence for the ALJ's

5

finding. (Tr. 561-62).

This is a Step 4 case, and as such, plaintiff retains the burden of proving he can no longer perform his past relevant work. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 109 (6th Cir. 1989). After the ALJ determines a plaintiff's RFC, 20 C.F.R. §§ 404.1546, 416.946, he compares it to the requirements of plaintiff's past work, 20 C.F.R. §§ 404.1520(e), 404.1560(b), 416.920(e), 416.960(b), and if plaintiff's past job did not require him to perform activities in excess of his RFC, plaintiff will be found not disabled. 20 C.F.R. §§ 404.1520(e), 404.1560(b), 404.1561, 416.920(e), 416.960(b).

In the present case, the ALJ determined that plaintiff has the RFC to perform a range of medium[2] work: sitting, standing, or walking for no more than 4 hours each; lifting/carrying 25 pounds on a frequent basis and 50 pounds on an occasional basis; requiring no more than frequent climbing, stooping, kneeling, balancing, crouching, or crawling; and accommodating plaintiff's moderate difficulties in performing daily activities, social functioning, and maintaining concentration, persistence, or pace. (Tr. 22).

With respect to the weight afforded Dr. Smith's opinion, the ALJ is not bound by any physician's assessment and may reject unsupported opinions, see Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988), because the weight to be given any physician's opinion depends on the extent to which it is supported by medical data and other evidence of record. 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). As the ALJ notes, the ultimate issue of disability is reserved for the Commissioner, 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1), so Dr. Smith's opinion on the

---

[2]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).

6

ultimate issue of disability is entitled to no weight. (Tr. 22). Also, Dr. Smith's severe restrictions are inconsistent with the opinions of Dr. Siddiqui and Dr. Sachs, both of whom did not find disabling mental impairments.(Tr. 390, 441) Crowe v. Harris, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (ALJ resolves conflicts in the evidence). Moreover, as the Commissioner points out, plaintiff has waived any argument for a sentence six remand to consider the evidence from Dr. Smith that was submitted to the Appeals Council (Tr. 545-48) and correctly argues that only evidence that was before the ALJ at the time of his decision can be considered for substantial evidence review. Cotton v. Sullivan , 2 F.3d 692 (6th Cir. 1993). I note, however, that plaintiff could have provided to the ALJ the evidence that was submitted to the Appeals Council because the ALJ did not issue his decision until May 24, 2004 (Tr. 24) and the records submitted to the Appeals Council are dated March 29, 2004 to May 13, 2004. (Tr. 545-48).

Furthermore, the ALJ noted that plaintiff's activities undermine his claim of disability, noting that plaintiff walks, drives a car, prepares meals, shops, cares for his household and personal needs, watches television and visits with friends. (Tr. 22, 107-18) 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (ALJ considers daily activities in determining functional restrictions).

Lastly, this case was decided at Step 4, and although the testimony from a VE is not required at this step in the evaluation process, it may be considered by the ALJ in classifying a plaintiff's past work. Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997); Walker v. Secretary of Health and Human Services, 884 F.2d 241, 245 (6th Cir. 1989) (VE's testimony may be considered in outlining the demands of a claimant's past work and in assessing whether a claimant can perform his past work). The ALJ reasonably relied on the VE's testimony that

7

based on plaintiff's age, education, work experience, and RFC, he could return to his past relevant work as a mail sorter for the post office, production technician, and car cleaner. (Tr. 23, 562).

For the reasons stated herein, it is hereby **RECOMMENDED**[3] that the plaintiff's motion for summary judgment [Doc. 12] be **DENIED** and that the defendant's motion for summary judgment [Doc. 14] be **GRANTED**.

Respectfully submitted,

  s/H. Bruce Guyton
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).